UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------   X

TED AMLEY,

                       Plaintiff,

             -against-

SUMITOMO MITSUI BANKING
CORPORATION,

                  Defendant.

-------------------------------------------------------------------   X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2020

Civil Action No. 19-cv-3777 (CM)

**STIPULATION AND [PROPOSED]
ORDER REGARDING
CONFIDENTIAL INFORMATION**

     To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that confidential material is protected, Plaintiff Ted Amley ("Plaintiff") and Defendant Sumitomo Mitsui Banking Corporation ("Defendant" OR "SMBC") have agreed that the following Stipulation and Order Regarding Confidential Information be entered to govern the handling of Confidential Material (as defined below) produced in this Litigation (as defined below). The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

     **WHEREAS**, the Parties consider the information being sought in discovery and/or contained in documents being sought in discovery and/or to be presented at the Court to be of a confidential nature; and

     **WHEREAS**, the Parties have agreed to this Confidentiality Stipulation & Order to permit Plaintiff and Defendant to exchange and discover and present information deemed confidential pursuant to procedures protecting the confidentiality of such information notwithstanding their production, consistent with the terms of this order (the "Order");

     **WHEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES AND**

1

**ORDERED BY THE COURT, THAT**:

        1.     The term "Litigation" shall mean the above-captioned case.

        2.     The terms "party" or "parties" mean any person who is party to the Litigation.

        3.     The term "Court" refers to the United States District Court in the Southern District of New York as assigned in the captioned case.

        4.     "Confidential Information" as used herein, means any type or classification of sensitive, non-public information designated as confidential by a party, whether it be a document, information contained in a document, information revealed in a response to a request for information, documents obtained from any non-party, or any other form of information, including but not limited to: (i) proprietary, trade secret or sensitive business information (including, without limitation, financial information, internal policies, practices or procedures, contracts or agreements or discussion regarding contracts or agreements, and non-public information concerning present or former clients or customers of Defendant) or any extracts or summaries thereof; (ii) personal or personnel information including, but not limited to, personnel files, performance evaluations, social security numbers, salary and compensation information, tax documents, home addresses and home telephone numbers not publicly available, medical records or health-related information, or any extracts or summaries thereof; or (iii) investigative notes, memoranda, and related documents.

        5.     "Qualified Person" as used herein means: (a) counsel for the parties in the Litigation who are actively engaged in the conduct of the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including

2

outside vendors or service providers) assisting them in the conduct of the Litigation; (b) any expert, expert's staff or third party, retained or consulted for purposes of potential retention by a party or a party's counsel for the purpose of assisting in this Litigation; (c) current employees of Defendant and/or any of its present or former parents, subsidiaries, affiliates, predecessors, successors, and/or related entities, provided that such employees are actually engaged in assisting in the preparation for this Litigation; (d) Plaintiff; (e) the Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers; (f) in connection with any appeal, any court and court personnel; (g) testifying fact witnesses and their counsel, during their testimony and in preparation for such testimony reasonably prior thereto, to the extent deemed reasonably necessary by a party's counsel, and provided that any such witnesses and their counsel may not retain such documents or copies, summaries, or extracts thereof; (h) persons whom a party's counsel believes may testify as a fact witness, provided that counsel for the party has a good-faith basis to believe that such confidential information is relevant to specific events, transactions, or communications about which the person may testify, and further provided that any such persons and their counsel may not retain such documents or copies, summaries, notes, or extracts thereof; (i) the author(s) or recipient(s) of the document, and (j) any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral. Subject to the limitations set out above and within this Confidentiality Stipulation & Order, any Qualified Persons receiving Confidential Information may retain documents containing Confidential Information only for so long as necessary for the Litigation of this dispute. Thereafter, the party that provided the Confidential Information to such Qualified Persons will cause the Confidential Information to be returned to the party producing it to be disposed of according to Paragraph 19

3

below.

6.      Counsel for the Parties shall designate documents, information, or discovery materials as Confidential Information: (i) by marking or stamping such documents, information, or discovery materials with the word "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility; (ii) by written statement of counsel for the producing party at the time of, prior to, or after production that the document or material is to be treated as Confidential Information; (iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with respect to depositions, in accordance with the procedures set forth in paragraph 7 below. Nothing herein shall prevent either party from requesting, subject to Order of the Court, that the Court hold any hearings under seal or seal or redact any transcript of hearings in this Litigation. The opposing party has the right to oppose such request.

7.      A party or non-party may designate specific information disclosed during a deposition as Confidential Information by so indicating on the record at the deposition. Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages of a transcript made by a party or the non-party deponent be treated as Confidential Information. Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the Confidential Information is so marked.

8.      Henceforth, pleadings, motion papers or other filings that disclose Confidential Information filed in this Litigation shall automatically be deemed subject to the terms of this Confidentiality Stipulation & Order and shall be filed in a manner designed to protect such information from disclosure, in accordance with Judge Colleen McMahon's Individual Rules for filing under seal. If the receiving party disputes a confidential designation,

4

such party may proceed in accordance with the procedure described at Paragraph 10 below.

9. Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL" shall be limited only to Qualified Persons. Prior to the disclosure of any Confidential Information to any individual other than the Parties and/or those entitled to review such documents and information pursuant to the provisions of Paragraphs 5(a), (c), (e) and (f), such individual must execute a written Acknowledgment in the form attached hereto as Exhibit A. The originals of each such Acknowledgment shall be maintained in the files of receiving counsel, and a copy shall be provided to the Court and to disclosing counsel in the event a dispute arises over the disclosure of Confidential Information.

10. In the event counsel for Plaintiff or Defendant disagrees with any designation of "Confidential Information" or consider it necessary to disclose Confidential Information to persons other than as permitted herein, counsel shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information. The information in question shall be treated as originally designated by disclosing counsel, subject to the terms of this Confidentiality Stipulation & Order, until otherwise agreed to by the Parties or ordered by the Court. A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The burden of proof shall be on the party designating the document(s) and/or material(s) as Confidential to establish that the documents or materials in question are entitled to such confidential treatment. In the interim, the designated material shall be deemed Confidential Information until the issue is resolved by the Court. Notwithstanding anything to the contrary that may be set forth herein, each producing

5

entity shall have the right to object to any discovery or to apply to the Court for an order granting other or additional protective relief with respect to confidential, proprietary or privileged material.

11.     In the event any Party violates any provision of this Confidentiality Stipulation & Order, the other Party may seek resolution from the Court and/or any other adjudicator in the relevant forum of competent jurisdiction, including without limitation, injunctive relief.

12.     The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later so designate such document or information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Stipulation & Order. Upon notice to the receiving party of a failure to designate a document or information as Confidential Information, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

13.     Confidential Information obtained from a Party or from a third party during the course of this Litigation may be used and disclosed only for purposes of the Litigation. No party or person shall make any other use of any such Confidential Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding or in the press, except as permitted by an Order of the Court and/or a court of competent jurisdiction and/or agreement of the producing party. Nothing contained herein has any effect on, and the scope of the Confidentiality Stipulation & Order shall not extend to, the use or disclosure of Confidential Information by the producing party.

14.     The authorization for the party to designate information as Confidential is

6

intended solely to facilitate the disposition of this Litigation, and such designation shall not be construed in any way as an admission or agreement by any party receiving designated materials that such documents actually constitute and/or contain confidential, proprietary, sensitive information, or with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any document or information so designated. This Stipulation shall not be construed as an agreement by either party to produce any documents or to supply any information and shall not constitute an admission that any document or information which may exist is relevant in any way to the issues raised in this proceeding.

15.    Nothing herein shall be construed: (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party; or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or material, the party disputing the confidential designation shall have the burden of proving that such information or material is, or was, publicly known or lawfully obtained other than through discovery of the producing party.

16.    If Confidential Information in the possession of any party is responsive to any subpoena or any order of the Court, or any other administrative, regulatory, self-regulatory or judicial body, or if any other person or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall, to the extent possible, give written notice within seven (7) business days of receipt of such process or inquiry to the producing party except as set forth below. The party to whom the process or inquiry is directed may then produce Confidential Information in response to the process or inquiry

7

on the date required unless the producing party obtains a stay of, or order quashing, the response or inquiry. Notwithstanding the foregoing or anything else contained herein, any non- disclosure provision in this Confidentiality Stipulation & Order shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

17.     The terms of this Confidentiality Stipulation & Order shall be applicable to any additional party to this Litigation or third party who produces information in this Litigation designated by such additional or third party as Confidential Information.

18.     For the avoidance of doubt, this Stipulation shall not preclude counsel for the parties from using during any hearing in this Litigation any documents and/or information which has been designated as Confidential Information.

19.     Within thirty (30) calendar days of the conclusion of this Litigation (including appeals, if any), all Confidential Information and all documents containing designated information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Confidentiality Stipulation & Order (except as set forth in Paragraph 17), shall be destroyed or returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof. Upon request, an attestation of destruction shall be provided to disclosing counsel.

20.     This Confidentiality Stipulation & Order may be amended by further stipulation and order, or if the Parties are unable to agree, by the Court on the application of a party.

21.     Nothing in this Confidentiality Stipulation & Order shall be construed as a waiver by either party of: (i) their right to object to any request for discovery; (ii) any defense

8

asserted by any party; or (iii) any privilege or immunity.

22. The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege. Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or counsel. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information in the Litigation.

23. For the avoidance of doubt, the disclosure of any documents designated as Confidential Information during this Litigation does not affect any ethical obligations, including obligations regarding privilege and confidentiality, that the Plaintiff has subject to the New York Rules of Professional Conduct separate and apart from this Confidentiality Stipulation & Order.

24. This Confidentiality Stipulation & Order shall extend beyond the final conclusion of this Litigation, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties.

25. THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER. The parties

9

understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

1

**SO STIPULATED AND AGREED:**

Dated: September 10, 2020

KRAKOWER DICHIARA LLC

PROSKAUER ROSE LLP

*/s/ Michael R. DiChiara*
Michael DiChiara
333 Bloomfield Avenue, Suite 202
Caldwell, NJ 07006
(201) 746-0303
md@kdlawllc.com
*Attorneys for Plaintiff*

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn, Esq.
Eleven Times Square
New York, New York 10036
(212) 960-3000
lchinn@proskauer.com
*Attorneys for Defendant*

**So Ordered**, this _____ day of _____, 2020: _____

Colleen McMahon
United States District Judge

1

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------- X

TED AMLEY,

                                      Plaintiff,                    Civil Action No. 19-cv-3777 (CM)

                     -against-                      **ACKNOWLEDGMENT OF STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND**

SUMITOMO MITSUI BANKING
CORPORATION,

                               Defendant.

--------------------------------------------------------------------------- X

       I, _____ [print or type full name] of _____ [ print or type full address], swear and affirm and state under penalty of perjury that I have read in its entirety and understand the Confidentiality Stipulation & Order (the "Protective Order") regarding Confidential Information issued by the Court in the above-captioned Litigation.

       I agree to comply with and be bound by all the terms of this Protective Order. I will hold in confidence any Confidential Information that is disclosed to me, will only use Confidential Information for purposes of this Litigation, and will not disclose in any manner any Confidential Information to any person or entity except in strict compliance with the provisions of the Protective Order.

       I understand and acknowledge that failure to comply with the terms of this Protective Order could expose me to civil liability or to sanctions and punishment in the nature of contempt.

       I further agree to submit to the jurisdiction of the Court, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

Date: _____

                              _____
                                  Signature

                              _____
                                  Print Name

9