**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

TED AMLEY,

       Plaintiff,

    -against-                                  No. 1:19-cv-3777-CM

SUMITOMO MITSUI BANKING CORPORATION,

       Defendant.

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO FILE AN AMENDED ANSWER**

McMahon, C.J.:

**OPINION AND ORDER**

      Plaintiff Ted Amley filed an action against Defendant Mitsui Banking Corporation seeking recovery for damages from alleged violation of the Family and Medical Leave Act of 1993; New York Human Rights Law, Executive Law § 296, *et seq*.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. Defendant filed this motion seeking leave to amend its answer to assert an additional affirmative defense, based on after-acquired evidence. The motion is GRANTED.

**BACKGROUND**

From August 2011 through November 2017, Plaintiff was employed by Defendant, where he held the position of Vice President and Assistant General Counsel. Complaint ¶¶ 18, 19.

In August 2016, Plaintiff alleges he was diagnosed with plantar fasciitis, causing him "extreme pain," and "significantly impacted his ability to walk." *Id.* at ¶¶ 26–28. On account of his health condition, Plaintiff sought several medical accommodations, including requests to leave work early a few times a week to meet with his doctor.

Defendant fired Plaintiff at the end of November 2017. Plaintiff alleges he was fired because of his disability and his need for reasonable medical accommodations.

The Defendant filed a timely answer on July 29, 2019, denying the allegation of discrimination and specifically denying any knowledge of Plaintiff's medical condition. Answer at ¶ 26–31. Defendant asserted several affirmative defenses in its answer. *Id.* at ¶¶ 70, 146–60.

On December 11, 2019 – just two day before the court-imposed deadline for amending pleadings – Defendant discovered that Plaintiff had retained privileged and confidential information after leaving his job. Defendant claims that Plaintiff's actions violated both the Defendant's internal policies and the New York State Rules of Profession Conduct that prohibit the sharing of a client's confidential information.

Defendant contacted the Plaintiff within a week of its discovery. The parties exchanged several emails over the ensuing months attempting to resolve the issues related to the Defendant's discovery. The dispute was not resolved.

On July 21, 2020, Defendant filed this motion to amend its answer to include an affirmative defense based on its after-acquired evidence of Plaintiff's alleged workplace misconduct. Doc. No. 16; *see also* Doc No. 17 Memo. Of Law In Support Of Def. Motion. Defendant seeks to add an affirmative defense limiting Plaintiff's claims for relief on account of Plaintiff's alleged breach of internal company policies and violations of New York State Rules of Professional Conduct. Doc. No. 18-1 at ¶ 169–70.

Initially (and inexplicably) Plaintiff originally filed a declaration supporting Defendant's motion to amend its answer. Doc. No. 18 at ¶ 2. On August 10, 2020, Plaintiff filed an opposition to Defendant's motion. Doc. No. 22. In his opposition papers, Plaintiff acknowledged consenting to the proposed amendment, but changed his mind and claimed he was "compelled to respond" to certain representations made by the Defendant with which he did not agree.

## DISCUSSION

### A.  Applicable Law

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that when a party is outside the initial modification period following service, "a party may amend its pleading only with the opposing party's written consent or the court's leave;" courts "should freely give leave when justice so requires." Ultimately, however, "it is within the sound discretion of the district court whether to grant or deny leave to amend." *Joseph v. Buffalo News, Inc.*, 792 F. App'x 60, 63 (2d Cir. 2019) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

3

Courts assess the following factors when determining whether to grant leave to amend: (1) whether the moving party unduly delayed or acted in bad faith; (2) whether the non-moving party will be unduly prejudiced if the amendment is allowed; and (3) whether the amendment will be futile. *See Foman*, 371 U.S. at 182; *see also Gorman v. Covidien Sales, LLC*, 13 CIV. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014).

Here, the court has filed a scheduling order limiting the party's ability to amend the pleadings. Doc. No. 13. Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Once "a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Emengo v. Stark*, 774 F. App'x 26, 28 (2d Cir. 2019) (*quoting Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), and Fed. R. Civ. P. 15(a) and 16(b)). "Whether good cause exists turns on the diligence of the moving party." *BPP Ill., LLC v. Royal Bank of Scot. Grp. PLC*, 859 F.3d 188, 195 (2d Cir. 2017) (*quoting Grochowski*, 318 F.3d at 86). The court may also consider other factors, including whether allowing the Defendant to amend its pleading at this stage of the litigation would prejudice the Plaintiff. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). The district court has broad discretion over whether to accept the submitted proposed answer or require submission of a another one. *Id.* at 245.

**B. The motion to Amend is Granted**

1. <u>Defendant Has Acted Diligently, in Good Faith, and Without Unduly Delay</u>

When a party acts promptly, "Mere delay . . . absent a showing of bad faith or undue prejudice[,] does not provide a basis for a district court to deny a right to amend." *Khodeir v.*

4

*Sayyed*, 323 F.R.D. 193, 197 (S.D.N.Y. 2017) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Here, Defendant acted without undue delay. Defendant claims, in its Memo, that the alleged misconduct was discovered on December 11, 2019. Doc. No. 17 at 1. After a series of emails between the parties attempting to reach an out-of-court resolution on the discovery issue, Defendant notified Plaintiff of its intent to amend its answer, and sought Plaintiff's consent. Doc. No. 18-5 at 2. Defendant reached out to the Plaintiff numerous times seeking his consent to the amendment. After determining Plaintiff was not going to consent, Defendant decided to file a formal motion for leave to amend. Then, Plaintiff finally provided written consent for Defendant's amendment.

Plaintiff cannot – and does not – allege undue delay due to the timing of its responses to Defendant's emails. Furthermore, Defendant demonstrated good faith by reaching out to the Plaintiff numerous times before filing this motion and seeking an out-of-court resolution.

2.   Allowing the Amendment Does Not Prejudice the Plaintiff

To determine if an amendment would prejudice an opposing party, courts consider, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Khodeir*, 323 F.R.D. at 197 (*citing Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)). The party opposing the amendment has the burden of establishing any prejudice. See *Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012).

Plaintiff's letter in opposition to the motion does not identify any prejudice will result from the amendment. *See* Doc. No. 22. Plaintiff does not seek any additional discovery or state any investigative needs in either his declaration in support of the amendment, or in his letter in

opposition. Indeed, it is hard to see how Plaintiff can claim prejudice, since he has known about the proposed amendment for months and initially consented to it. Since Plaintiff does not claim prejudice, there is no reason to deny the motion on this basis.

3. Defendant's Amendment is Not Futile

Defendant seeks to amend its answer to add an affirmative defense based on after-acquired evidence of workplace misconduct and potential ethical violations.

Courts will not grant amendments that are "obviously insufficient" for the purpose being offered. *See Gorman*, No. 13 CIV. 6486 (KPF), 2014 WL 7404071, at *3 (S.D.N.Y. Dec. 31, 2014) (citing *Suisse First Bos., LLC v. Intershop Commc'ns AG*, 407 F.Supp.2d 541, 546 (S.D.N.Y. 2006). Defendant may not claim to have "been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason." *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). However, after-acquired evidence may be used to determine what remedies, if any, are appropriate. *See id.* at 360–62. For example, in *McKennon*, the Supreme Court noted that front pay and reinstatement may be limited by after-acquired evidence that would lead to lawful termination. *Id.*; *see also Matima v. Celli*, 228 F.3d 68, 76–77 (2d Cir. 2000) (limiting any back-pay award to the period between termination and discovery of wrongdoing).

Here, Defendant's proposed amendment is not obviously insufficient for the proposed purpose of limiting damages. Defendant claims that the Plaintiff retained information in violation of its policies. Furthermore, Defendant claims that privileged attorney-client communications were among the documents Plaintiff disclosed to his attorneys. If true, Defendant's allegations may limit Plaintiff's ability to recover damages for front-pay and reinstatement. Far from

"obviously insufficient," Defendant's amended complaint achieves the purposes which it claims. Therefore, the proposed amendment is not futile.

### 4.   Rule 16(b)'s Good Cause Requirement is Satisfied

Rule 16(b) of the Federal Rules of Civil Procedure requires "good cause" to modify a scheduling order. The Second Circuit has interpreted that the "good cause" requirement of Rule 16(b) requires the moving party to act diligently. *See BPP Ill., LLC*, 859 F.3d at 195.

Defendant's diligence is well documented in the record, and undisputed by the Plaintiff. *See* Doc. Nos. 17 at 7, 18-3–18-7. The timeline of events, from Defendant's discovery of Plaintiff's documents, to the filing of this motion, supports Defendant's argument of diligence and responsiveness to the new information. Defendant notified Plaintiff within a week of its discovery and sought to resolve the document dispute privately. The email correspondence Defendant provided the court demonstrates Defendant's persistence in following up with the Plaintiff in an effort to resolve their discovery dispute. Defendant's amendment is limited to information that was received just two days before the amendment deadline set forth in the Case Management Plan.

**Conclusion**

For the foregoing reasons, Defendant's motion to amend (Doc. No. 16) is GRANTED, and any motion by the Plaintiff in opposition is DENIED. The clerk of the court is directed to close the open motion at Doc. No. 16. No later than October 2, 2020, Defendant is directed to file a First Amended Answer that is consistent with the terms of this order, and identical to the Amended Answer filed with the court in this motion in Doc No. 18-1.

DATED: September 23, 2020

New York, New York

_____

Chief Judge

BY ECF TO ALL PARTIES