```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TED AMLEY,

        Plaintiff,

-against-

SUMITOMO MITSUI BANKING
CORPORATION,

        Defendant.

19-CV-3777 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the December 7, 2020 conference, it is hereby ORDERED that:

1. **Privilege Logs**. Plaintiff Ted Amley complains that the privilege log produced by defendant Sumitomo Mitsui Banking Corporation (SMBC) is incomplete. *See* Pl. Ltr. dated Nov. 24, 2020 (Pl. Ltr.) (Dkt. No. 40) at 2. In addition, the parties agree that defendant has not yet served a log with respect to documents that it produced in redacted form. *See* Pl. Ltr. at 2-3; Def. Ltr. dated Dec. 2, 2020 (Def. Ltr.) (Dkt. No. 43) at 3. No later than **December 14, 2020**, defendant shall serve its updated privilege log(s), in accordance with Local Civil Rule 26.2, covering all documents which, as of that date, have been withheld in their entirety *or* produced in redacted form on the basis of the attorney-client privilege or the work product doctrine. Defendant need not log the materials described in ¶ 6(b) of the parties' Protocol for Production of Electronically Stored Information (Protocol) (Dkt. No. 43-3). To the extent permitted by Rule 26.2 and ¶ 6(a) of the Protocol, the log(s) may be "grouped in categories based on content." Protocol ¶ 6(a). The parties are reminded, however, that Rule 26.2(a)(2)(A) requires the party asserting the privilege to identify, among other things, "the relationship of the author, addressees, and recipients to each other." This provision may be satisfied by the inclusion of a key or table which identifies each author, addressee, or other recipient of the document(s) by affiliation and title (or role) and clearly

indicates which such individuals are licensed attorneys acting as such. The parties are further reminded that, while documents may be withheld or redacted for privilege, they may not – in the absence of a stipulation or court order – be withheld or redacted on "confidentiality" or similar grounds.[1] It is not clear to the Court whether plaintiff has withheld or redacted any documents on privilege grounds. If he has, he must also produce a privilege log, in accordance with this Order, no later than **December 14, 2020**.

    **2.**    **Privilege Redactions**. Plaintiff contends that defendant has improperly redacted numerous emails – either by over-redacting non-privileged content (including, for example, email addresses, email headings, and subject matter fields), or, alternatively, by selectively redacting arguably privileged content so as to benefit from portions favorable to it while depriving plaintiff of the ability to rely on portions that may be favorable to him. *See* Pl. Ltr. at 2-3. The parties cannot adequately meet and confer as to these issues, and the Court cannot resolve any remaining disagreements, until defendant has served the privilege log(s) described above. Once plaintiff has received the log(s), the parties shall promptly meet and confer in real time (*e.g.*, by telephone or videoconference) and in good faith to resolve, if possible, any remaining disputes regarding defendant's claims of privilege. If the parties are unable to resolve the privilege issues amongst themselves, letter-motions seeking judicial resolution of such issues shall be filed no later than **December 21, 2020**. Opposition letters shall be filed no later than **December 24, 2020**.[2] Reply letters, if any, shall be filed no later than **December 28, 2020**.

---

[1] Confidential materials are protected by the Stipulation and Order Regarding Confidential Information (Conf. Order) (Dkt. No. 26), which generally provides that documents designated "confidential" may not be further disseminated, except to specified persons for use in connection with this action, or publicly disclosed, and that production of documents containing "confidential" information will not constitute a waiver of any trade secret or similar rights.

[2] The Court is aware that December 24 is a court holiday. The ECF system, however, will remain available for electronic filings.

3. **Clawback Demands.** Defendant asserts that it is entitled to the return of various privileged documents that it inadvertently produced without adequate redactions. Def. Ltr. at 2. Defendant must serve its "clawback letter" as to all such documents, *see* Conf. Order ¶ 22, no later than **December 14, 2020**.

4. **RFPs 29 and 30.** Defendant asserts that plaintiff has not yet fully complied with its Requests for Production (RFPs) 29 and 30 (Dkt. No. 40-27, ¶¶ 29-30; Dkt. No. 43-4, ¶¶ 29-30), which seek production of all documents that plaintiff took or received from SMBC and all SMBC documents that he sent to a personal email address. *See* Def. Ltr. at 3. Plaintiff appears to concede that he possesses additional documents, responsive to these RFPs, that are not yet produced. *See*, *e.g.*, Amley Decl. (Dkt. No. 40-2) ¶¶ 19-20. Plaintiff shall produce all responsive documents in his possession, custody, or control no later than **December 14, 2020**.

Having demanded the production of such documents in discovery, and having obtained a court order compelling their production, defendant is estopped from asserting that plaintiff's compliance with this Order (or his counsel's assistance in ensuring compliance) constitutes a violation of New York Rule of Professional Conduct (RPC) 1.6 or related ethics rules.

5. **Forensic Examination**. Plaintiff seeks a protective order with respect to defendant's demand (Dkt. No. 40-22) for a forensic examination of plaintiff's personal computers and electronic devices. Pl. Ltr. at 3. Defendant seeks an order permitting the examination, arguing that "[p]laintiff's production has been inadequate." Def. Ltr. at 4. Defendant has not made a sufficient showing to warrant such an intrusive and burdensome procedure. Consequently, plaintiff need not make his computers and devices available for a forensic inspection at this time. Nothing herein is intended to relieve plaintiff of his preservation obligations with respect to all potentially relevant documents.

**6.     Documents Concerning Investigations, Litigations, and Other SMBC Employees**. Plaintiff seeks an order compelling defendant to produce documents in response to RFPs 10, 23, and 24 within plaintiff's First Set of Requests for Production (Dkt. No. 40-4 ¶¶ 10, 23-24), as well as plaintiff's Supplemental Request for Production, dated November 4, 2020 (Dkt. No. 40-5), and his Second Supplemental Request for Production, dated November 10, 2020 (Dkt. No. 40-6). Most of these RFPs are significantly overbroad,[3] and plaintiff has made no offer to narrow them. Additionally, plaintiff improperly sought to compel production of the documents demanded in his Supplemental and Second Supplemental Request less than 30 days after serving them – before defendant's response was due. *See* Fed. R. Civ. P. 34(b)(2). On this record, no additional production will be compelled.

**7.     Discovery Deadlines**. The fact discovery deadline, as most recently extended by this Court, is January 22, 2020. (Dkt. No. 36 at 3.) Plaintiff now seeks an order extending the pretrial schedule to permit expert discovery, explaining that he intends to retain "an ethics attorney" to present expert testimony to refute defendant's "frivolous allegations" that plaintiff violated RPC 1.6 and/or other ethical rules applicable to New York attorneys. *See* Joint Ltr. dated Nov. 25, 2020 (Jnt. Ltr.) (Dkt. No. 41) at 1-2; Pl. Ltr. dated Dec. 4, 2020 (Pl. Reply Ltr.) (Dkt. No. 46) at 2. Insofar as the record reveals, neither party sought to elicit expert evidence or conduct

---

[3] For example, RFP 10 demands all documents concerning any governmental "investigation of discriminatory and/or retaliatory practices," presumably relating to SMBC, but otherwise unlimited. RFP 23 requests all documents "concerning any and all litigations involving Defendant and allegations of discrimination and/or retaliation." RFP 24 demands documents "concerning any and all affirmative defenses." The Supplemental Request demands documents sufficient to identify "all violations of SMBC's Code of Conduct," or any other "rule, provision, or policy" relating to document retention, by any SMBC employee from 2011 through 2017. According to its website, SMBC has more than 28,000 employees in 448 domestic (Japanese) branches and 19 overseas branches. *See* https://www.smbc.co.jp/global/aboutus/profile/company.html.

expert discovery until now. *See* Jnt. Ltr. at 1. During the December 7 conference, plaintiff's counsel confirmed that the ethics attorney is plaintiff's only anticipated expert witness.

"It is well-settled in this Circuit that expert opinions as to the interpretation and application of domestic law are inadmissible." *Thomsen v. Kefalas*, 2018 WL 1508735 (S.D.N.Y. Mar. 26, 2018) (citing *Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977)); *see also In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (rejecting defendants' attempt to submit opinion evidence from prominent legal ethics scholars as to whether the trial judge was obligated to recuse herself). Since it appears that the expert opinion that plaintiff proposes to offer would be inadmissible, plaintiff has not demonstrated good cause to extend the pretrial schedule for that purpose. Consequently, plaintiff's extension request is denied, but without prejudice to renewal, on or before **December 14, 2020**, should plaintiff believe that he can demonstrate that (a) the proposed expert testimony is not foreclosed by *Marx* and its progeny; and (b) he did not wait too long to request an expert discovery period.

    **8.**    **Deposition Schedule**. Plaintiff's deposition was to be completed by December 11, 2020. (Dkt. No. 36 at 3.) During the December 7 conference, both parties agreed to delay plaintiff's deposition until January 2021, in hopes that their privilege disputes will have been resolved, and certain third-party documents will have been produced, before the deposition is conducted. The Court therefore modifies its prior scheduling order to permit the parties to reschedule plaintiff's deposition for a mutually convenient date or dates in January 2021, subject to the fact discovery cutoff of January 22, 2021, which remains in effect. The parties are reminded that in the absence of a stipulation or court order to the contrary, there is no priority of deposition under the Federal Rules of Civil Procedure.

9.     **Sealing Requests**. Defendant has requested that the Court seal three email chains attached to plaintiff's letter-motion (Dkt. Nos. 40-17, 40-18, and 40-19) which, according to defendant, it inadvertently produced with inadequate privilege redactions and has since sought to claw back. *See* Def. Ltr. at 5. By means of a separate letter-motion dated Dec. 2, 2020 (Def. Sealing Mtn.) (Dkt. No. 44), defendant seeks to maintain under seal (ex parte) a wholly unredacted email chain (Dkt. No. 45) which, according to defendant, reveals privileged attorney-client communications and was submitted for in camera review "solely to demonstrate that the documents contain privileged material." Def. Sealing Mtn. at 1. As to both requests, the Court is satisfied that sealing is warranted under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## Conclusion

The parties' respective letter-motions seeking orders compelling discovery and/or protective orders are GRANTED IN PART and DENIED IN PART to the extent set forth above. Dkt. No. 45 shall remain under seal at the *ex parte* viewing level. The Clerk of Court is respectfully directed to modify the viewing level of Dkt. Nos. 40-17, 40-18, and 40-19 to *applicable parties*, permitting access only by the Court, plaintiff Ted Amley, and defendant Sumitomo Mitsui Banking Corporation, and to close the motion at Dkt. No. 40.

Dated:  New York, New York
        December 8, 2020

                                              **SO ORDERED**.

                                              **BARBARA MOSES**
                                              **United States Magistrate Judge**