

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2021

December 31, 2020

<u>**Via ECF**</u>

Honorable Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**MEMO ENDORSED**

Re:   *Amley v. Sumitomo Mitsui Banking Corporation*
      Case No. 19-cv-03777-CM

Dear Judge Moses:

Defendant Sumitomo Mitsui Banking Corporation ("Defendant" or "SMBC") writes to request additional time for Plaintiff Ted Amley's ("Plaintiff" or "Amley") deposition pursuant to Federal Rule of Procedure 30(d).  SMBC requests an additional seven (7) hours for Plaintiff's deposition.

Plaintiff's deposition is currently scheduled for January 7, 2021.  Until yesterday, it had also been scheduled to continue the week of January 18th.  Indeed, there has never been any disagreement between the parties that for SMBC to "fairly examine" Amley under Rule 34(d), his deposition should occur over the course of two full days.

Nonetheless, although Plaintiff's counsel has agreed to hold a second day for Plaintiff's deposition, he has now demanded a *quid pro quo* – namely, Plaintiff will only agree to sit for a second day of deposition if SMBC agrees to make available one its witnesses, Hiro Oshima, for a second day as well.  In other words, Amley's only objection to appearing for deposition over the course of two full days is that SMBC will not produce one of its witnesses for the same period.

First, as is apparently conceded by Amley, SMBC requires two days to examine Plaintiff – the key witness in this case.

Rule 30(d)(1) of the Federal Rules of Civil Procedure requires a deposition to be extended if additional time is required to fairly examine the witness, as is the case here. The need to permit additional time for key depositions to allow a fair examination has been recognized and reiterated by a number of courts.  *See, e.g.*, *Lapointe v. Target Corp.*, No. 16-CV-216(GTS/FCH), <u>2017 WL 1397317</u> (N.D.N.Y. Mar. 6, 2017) (granting defendant an additional three hours to depose plaintiff  in wage and hour case after over seven hours of deposition were taken); *Saeed v. County of Nassau*, No. CV 09-3314 (DRH) (AKT), <u>2011 WL 6945755</u>, at *2 (E.D.N.Y. May 23, 2011) (granting additional four hours for deposition of plaintiff in employment discrimination case after 8.5 hours of testimony were taken because Defendants have a right "to investigate and question the Plaintiff with regard to each of the incidents that

form the basis of Plaintiff's claims."); *George v. City of Buffalo*, 789 F. Supp. 2d 417, 436 (W.D.N.Y. 2011) (granting an additional 3.5 hours of testimony beyond the seven-hour limit to examine newly raised topics that both parties agreed were not "cumulative or burdensome or even irrelevant."); *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (GEL), 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (granting an additional four hours of testimony after witness had already been deposed for fourteen hours over two days when the witness was "a very significant witness in the case").

Plaintiff served a 143 paragraph complaint, and SMBC requires sufficient time to depose on all relevant facts related to his Complaint and SMBC's affirmative defenses. For example, as is discussed further below, Amley has noticed ten SMBC party depositions. These depositions include the two individuals who evaluated Amley's performance and who determined that Amley's SMBC employment would end. They also include a number of current and former SMBC employees who interacted with Amley and who were critical of his performance as an in-house lawyer. While Amley will be able to question each of these witnesses about their interactions with him over the course of multiple separate depositions, SMBC has but one deposition within which to question Amley about his interactions with all of them. Beyond this, SMBC has numerous topics to cover with Plaintiff, including, among others, his employment with SMBC, his poor performance at SMBC, his alleged disability, interactions with his healthcare providers relating to that alleged disability, his alleged request for an accommodation, SMBC's leave and accommodation policies, his substantial record of absences and tardiness (including over 150 days on which he was absent for all or some of the workday), SMBC's affirmative defense related to Plaintiff's retention and dissemination of privileged information over a multi-year period, and issues related to alleged damages. Given the extensive number of issues, the needs of the case warrant additional time for Plaintiff's deposition.

Second, SMBC's request is immanently reasonable given the relative discovery burdens faced by the parties thus far. Plaintiff noticed *all ten* of the depositions permitted under Rule 30.[1] SMBC, on the other hand, has noticed only *one* Party deposition – Plaintiff's.[2] Therefore, currently, Plaintiff has up to 70 hours of depositions of SMBC-related individuals,[3] whereas SMBC, if additional time is not granted, will only have 7 hours to depose the key witness in this case.

Indeed, SMBC has been burdened with far more discovery throughout this case than has Plaintiff. SMBC searched and produced emails for four custodians. It has been required to attempt to track down the unproduced medical records for *both* of Plaintiff's identified medical providers. And it has reviewed tens of thousands of documents to respond to Plaintiff's

---

[1] Indeed, in an email dated November 24, 2020, Plaintiff indicated that he was considering noticing thirty-one depositions (the email listed twenty-eight new names, which was in addition to three SMBC employees previously discussed).

[2] SMBC has also noticed the deposition of one third-party, Dr. John Artandi, one of Plaintiff's treating doctors.

[3] Plaintiff has indicated that seven of the ten depositions will, likely, be fairly short.

**Proskauer»**

Honorable Barbara Moses
December 31, 2020
Page 3

discovery requests and produced 6,000 pages of documents. Plaintiff, on the other hand, has only had to search his own records to produce 506 pages of documents. Given the relative discovery burdens in this case to date, allowing SMBC more time for Plaintiff's deposition is fair and proportionate to the needs of this case, particularly given the need to depose Plaintiff on these extensive records as he is the main witness.

Third, Plaintiff should not be allowed to renege on his prior agreement to permit Plaintiff to be deposed for a second day by demanding a *quid pro quo*. On November 10, 2020, Plaintiff's counsel indicated in a call with my colleague Mr. Grossman-Boder that he needed *one day* for Hiro Oshima's deposition. On November 19, 2020, Plaintiff's counsel *again* indicated to Mr. Grossman-Boder that he needed *one day* for Hiro Oshima's deposition. During that same call, Mr. Grossman-Boder informed Plaintiff's counsel that SMBC sought a second day for Plaintiff's deposition, which Plaintiff's counsel indicated would be acceptable. Five days later, on November 24, 2020, Plaintiff's counsel and SMBC's counsel *again* conferred regarding Plaintiff's deposition, and SMBC *again* stated it reserved the right to take Plaintiff's deposition for a second day, which Plaintiff did not oppose. After that call, on November 25, 2020, in response to service of the notice of deposition for Plaintiff, Plaintiff's counsel sent an oblique email which stated that Plaintiff "also reserves the right to continue depositions if more than one day is required." Notably, Plaintiff neither mentioned Mr. Oshima in that regard much less stated that SMBC would be required to present a witness for two days as a condition for Amley's agreement to appear for two days.

It was only halfway through the conference before the Court when Plaintiff initially made explicit that he would not agree to a second day for Plaintiff's deposition unless SMBC agreed to a second day for Mr. Oshima. Plaintiff initially stated without equivocation that "we've scheduled the plaintiff's deposition for Wednesday and Thursday[.]" (December 7, 2020 Hearing Transcript at 5:14-15) (hereafter, "Dec. 7 Tr."). Plaintiff's counsel reiterated this agreement later in the hearing:

> THE COURT: Have the parties agreed, as Mr. Suess suggested, that Mr. Amley's deposition is going to span two days?
>
> MR. SUESS: This is Mr. Suess, yes, we've agreed to two days.

(Dec. 7 Tr. at 67: 8-12.) But thereafter Plaintiff alleged that there was a required *quid pro quo* for this consent, stating: "we've also made clear that if they're taking two days for plaintiff, then if we need extra time for Mr. Oshima, that we should be entitled to that." (*Id.* at 12-14.) The Court, noting the discrepancy in Plaintiff's position, asked Plaintiff:

> THE COURT: […] Have you or have you not agreed that Mr. Amley will go for two days?
>
> MR. SUESS: Subject to Mr. Oshima being allowed to go for two days.

3

**Proskauer»**

Honorable Barbara Moses
December 31, 2020
Page 4

> THE COURT: You didn't mention there was a "subject to" when I asked you at the top of our conference today whether the plaintiff's deposition was scheduled.
>
> MR. SUESS: I apologize for that omission, your Honor. The issue hadn't come up about Mr. Oshima's second day until just now.

(*Id.* at 67:18 – 69:3.)[4]

Although Amley's counsel made that statement on the call with the Court, there have since been further discussions between Mr. Grossman-Boder and Amley's counsel during which there has been no further discussion of any *quid pro quo* on this point. Instead, when deposition scheduling was discussed, the Parties agreed to schedule Plaintiff for a second day during the week of January 18, 2021 without any agreement on a second day for Mr. Oshima's deposition. It was only on December 29, 2020 during a conversation with Mr. Grossman-Boder, and in a subsequent email on December 30, 2020 that Plaintiff's counsel returned to insisting he would not permit Plaintiff to sit for a second day unless Mr. Oshima did so, thus necessitating this letter motion.[5]

As the relief sought herein is narrowly focused on a single question - the length of Amley's deposition - SMBC waives its right to reply in the hope of resolving this matter prior to the scheduled first date of Amley's deposition on January 7, 2021. To that end, SMBC also asks the Court to shorten Plaintiff's time to respond to Tuesday, January 5, 2021.

For the foregoing reasons, SMBC respectfully requests that the Court order an additional seven (7) hours for Plaintiff's deposition pursuant to Rule 30(d) in order to permit fair examination of the Plaintiff on matters that are integral to the claims and defenses at issue in this case.

Respectfully submitted,

*s/ Lloyd B. Chinn*

Lloyd B. Chinn

> No response is required. Defendant's letter-motion is GRANTED to the extent that plaintiff Amley shall be available for two days of deposition totaling 14 hours. Plaintiff may or may not be entitled to additional time for the deposition of Hiro Oshima; however, in the absence of a stipulation (which does not exist) or a court order (which has not been requested) regarding Mr. Oshima, plaintiff may not hold the Amley deposition hostage to his desire for a *quid pro quo*. The parties are reminded that fact discovery closes on January 22, 2021. *See* Dec. 7 Tr. at 69:2-5. Any further requests for relief regarding upcoming depositions must be made promptly. SO ORDERED Jan. 4, 2021.
>
> _____
> Barbara Moses, U.S.M.J.

---

[4] Plaintiff has suggested that SMBC somehow agreed to a reciprocal arrangement as to Mr. Oshima's deposition during this exchange with the Court. The Court did not ask SMBC's position on the matter at the time (and SMBC did not interrupt the Court to offer it), instead, the Court moved on to other matters.

[5] If Amley insists on additional deposition time with Mr. Oshima, he can apply to the Court for that purpose (and SMBC will oppose that request). But the issue of the length of Mr. Oshima's deposition provides no valid basis for Amley to oppose the instant request.