



Paykin Krieg & Adams, LLP
2500 Westchester Ave, Suite 107
Purchase, New York 10577
Tel: (212) 725-4423

January 4, 2021

**By: SDNY ECF**
Hon. Barbara C. Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

          Re:       *Ted Amley v. Sumitomo Mitsui Banking Corporation*
                    SDNY Case No. 19-cv-03777-CM

Dear Judge Moses:

      Further to the letter-motion of defendant Sumitomo Mitsui Banking Corporation ("SMBC") to compel plaintiff's deposition for an additional seven (7) hours (Dkt. 56), and further to the Court's Order relating to same (Dkt. 57), please accept this letter on behalf of plaintiff Ted Amley pursuant to Federal Rule of Procedure 30(d) for an additional seven (7) hours for the deposition of Mr. Hiro Oshima, which is scheduled for January 11, 2021.

      Rule 30(d)(1) provides, "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Plaintiff requires additional time to fairly examine Mr. Oshima because, like plaintiff, he is the "key witness" for SMBC. It is indisputable that Mr. Oshima (a) was plaintiff's workplace supervisor, (b) occupied a senior position within SMBC's Legal Department (Deputy General Counsel); (c) instigated and led the meet and confer at which SMBC conditioned plaintiff's medical leave and treatment; (d) formulated and drafted plaintiff's workplace rehabilitation and attendance plan; (e) supervised and was the primary point of contact for plaintiff's compliance with such workplace rehabilitation and attendance plan and termination; (f) reviewed and supervised plaintiff's later annual work performance reviews; (g) interacted with nearly all other witnesses in this matter; (h) drafted or was copied on nearly all key documents associated with the workplace aspects of this case among SMBC's 6000 page document production; and (i) made the ultimate decision to terminate plaintiff (or, at the very least, was the driving force behind it).

      In such circumstances, as SMBC notes, additional time is warranted for good cause under Rule 30. *See, e.g.*, *Lapointe v. Target Corp.*, No. 16-CV-216(GTS/FCH), 2017 WL 1397317 *8 (N.D.N.Y. Mar. 6, 2017) (additional three hours to explore certain issues); *Saeed v. County of Nassau*, No. CV 09-3314 (DRH) (AKT), 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011) (additional four hours where "Defendants' argument centers around the numerous alleged incidents that support Plaintiff's eleven causes of action, not the legal claims asserted."); *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (GEL), 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (additional four hours where "As a significant executive of the defendant

1



company, and a defendant himself, Bildson is a very significant witness in the case. Plaintiffs point out that he was the custodian or recipient of over 600,000 pages of documents discovered by defendants in response to plaintiffs' demands.").

As set forth in the transcript of the December 7, 2020 hearing on plaintiff's discovery motion, I conditioned plaintiff's extended deposition on Mr. Oshima's extended deposition. SMBC conveniently omits that while I believed I could complete Mr. Oshima's deposition in one (1) day, I reserved a second day if needed. My email dated November 25, 2020, which states "that plaintiff also reserves the right to continue depositions if more than one day is required," is in no way "oblique", but rather confirms plaintiff's position as to this matter. *See* Ex. A (November 25, 2020).[1] SMBC did not bother to respond or object to this email for over a month.

There is no burden to SMBC in this regard. SMBC grossly exaggerates the depositions noticed by plaintiff. Plaintiff never noticed 31 depositions or even considered doing so. The list provided to SMBC sought to confirm whether the persons listed were still employed by SMBC and within SMBC's obligation to make available for deposition. *See* Ex. B (November 24, 2020 email) ("As discussed last week, please advise on the status of the following SMBC employees and their availability for depositions."). In addition, rather than 70 hours, plaintiff anticipates either 21 or 28 hours total over 3 or 4 days for all 10 deponents. *See* Ex. C (December 29, 2020 email) [Mr. Oshima (7 or 14 depending on the Court's ruling on this motion); Mr. William Haney (1/2 day); Mr. Matthew Judge (1/2 day); additional seven (7) witnesses on a single day]. Having reviewed SMBC's revised document production without redactions, which was produced on December 31, 2020, plaintiff is reconsidering the need to depose several of the seven (7) persons noticed for January 18, 2021, which will bring all deposition in under 28 hours total. As SMBC acknowledged in its December 31, 2020 letter motion, each of the depositions on January 18, 2021 are to be short. *See* Dkt. 56 n. 3.

Aside from the relevance and materiality of Mr. Oshima's deposition, by its silence, SMBC waived its objection to my statement at the December 7, 2020 hearing that I agreed to plaintiff's deposition over two (2) days subject to two (2) days of deposition for Mr. Oshima. None of SMBC's three attorneys objected or disputed my statement until December 29, 2020. *Sang Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870 (LBS)(JCF), 2013 WL 1820289 * 3 (S.D.N.Y. Apr. 30, 2013) (""A valid waiver 'requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable.' It may arise by either an express agreement or by such conduct or a failure to act as to evince an intent not to claim the purported advantage.") (citations omitted); *Schwartz v. Merrill Lynch & Co., Inc.*, No. 09 Civ. 900 (WHP), 2010 WL 517585 at *3 (S.D.N.Y. Feb. 8, 2010) (""A party cannot have it both ways; [she] 'cannot remain silent, raising no objection during the course of the proceeding, and when an award adverse to [her] has been handed down, complain of a situation of which [she] had knowledge from the first ... her silence constitutes a waiver of the objection.' ").

As time is of the essence, plaintiff waives his right to reply and requests an expedited response from SMBC, which already has set forth the bulk of its arguments in its letter-motion (Dkt. 56), to no later than January 6, 2021.

---

[1] To the extent SMBC insinuates that I never raised this issue previously, the November 25, 2020 email confirms my statement at the December 7, 2020 discovery hearing that, "The issue hadn't come up about Mr. Oshima's second day until just now," which referred to the fact that Mr. Oshima's deposition had not come up in the hearing during my turn to speak previously – only plaintiff's deposition; not that a second day for Mr. Oshima had never been discussed with SMBC previously.

2



For the reasons herein, Plaintiff respectfully requests the Court order an additional seven (7) hours to fairly examine Mr. Oshima, and such other and further relief as it deems appropriate.

Respectfully submitted,

/s/ Benjamin Suess

> Defendant shall respond to plaintiff's letter-motion no later than **January 5, 2021**. The response shall be limited to two pages. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> January 4, 2021